# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 2, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| KEVIN MUSTO and STACEY MUSTO, | * | |
| as Parents and Legal Representatives | * | |
| of their Minor Daughter, K.M., | * | |
| | * | No. 11-801V |
| Petitioners, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorneys' Fees and |
| AND HUMAN SERVICES, | * | Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioners.
Heather Lynn Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On November 30, 2011, Kevin Musto and Stacey Musto ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program on behalf of their minor child, K.M.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners allege that K.M. developed opsoclonus myoclonus syndrome ("OMS") as a result of receiving the measles-mumps-rubella ("MMR") vaccine on December 4, 2008. Petition at ¶¶ 1, 2. On March 11, 2016, the undersigned issued a decision based on the parties' stipulation awarding petitioner $37,500.00 in compensation. Decision dated March 10, 2016 (ECF No. 56).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On January 4, 2017, petitioners filed an unopposed motion for attorneys' fees and costs. Petitioners' Application for Attorneys' Fees and Costs ("Pet'rs' App.") dated January 4, 2017 (ECF No. 66). Petitioners request $1,730.50 in personal out-of-pocket costs and $67,031.71 in attorneys' fees and costs, for a total of $68,762.21. Pet'rs' App. at 11. Petitioners filed billing records for their attorney, Dr. Ramon Rodriguez,[3] and his paralegals,[4] as well as documentation of the firm's costs. Exs. 70, 71. Respondent did not file a response. For the reasons stated below, the undersigned awards $65,933.21 in attorneys' fees and costs and $1,730.50 in petitioners' costs.

I.   Discussion

   a.  Reasonable Attorneys' Fees

In 2016, Dr. Rodriguez had 14 years of legal experience. Pet'rs' App. at 8. Additionally, he is a board certified primary care physician, serves as lead counsel for his firm's Vaccine Injury Practice, and is a guest lecturer on vaccine injuries. Id. at 9. The undersigned recently considered reasonable hourly rates for Dr. Rodriguez and his paralegals in Zdroik v. Sec'y of Health & Human Servs., 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017), wherein she determined that Dr. Rodriguez was entitled to $348.00 per hour for work performed in 2014; $361.00 per hour in 2015; and $375.00 per hour in 2016. Id. at *2. Reasonable hourly rates for a paralegal were found to be $131.00 per hour in 2014, $135.00 per hour in 2015, and $140.00 per hour in 2016.[5] Id. The undersigned adopts the reasoning of Zdroik here and awards attorneys' fees in accordance with that decision.[6] She thus reduces petitioners' application by $1,098.50.

---

[3] In his application, petitioners' counsel requested the following hourly rates: $311.00 per hour for work performed in 2010; $323.00 per hour for work performed in 2011; $335.00 per hour for work performed in 2012; $348.00 per hour for work performed in 2013; $361.00 per hour for work performed in 2014; $375.00 per hour for work performed in 2015; and $389.00 per hour for work performed in 2016. Pet'rs' App. at 5.

[4] Several paralegals at Dr. Rodriguez's firm also billed time in this case, including Ms. Rebecca Westfall, Ms. Elizabeth Pretzinger, Ms. Beth Coleman, Ms. Kelley Webb, Ms. Lisa Robertson, and Ms. Kristy Smith. Pet'rs' App. at 5. The paralegals billed at the following hourly rates: $113.00 per hour in 2010; $117.00 per hour in 2011; $121.00 per hour in 2012; $126.00 per hour in 2013; $131.00 per hour in 2014; $135.00 per hour in 2015; and $140.00 per hour in 2016. Pet'rs' App. at 5.

[5] Petitioners request these same hourly rates for paralegal work in this case. Pet'rs' App. at 5. The undersigned finds these rates reasonable and thus awards the hourly paralegal rates requested.

[6] Additionally, the undersigned finds the following hourly rates to be reasonable for work performed by Dr. Rodriguez: $300.00 per hour in 2010; $311.00 per hour in 2011; $323.00 per hour in 2012; and $335.00 per hour in 2013. In reaching these figures, the undersigned used the

The undersigned has carefully reviewed petitioners' billing records and notes that occasionally, petitioner may have inadvertently billed administrative work at an attorney or paralegal rate[7] and that a few of the billing entries for attorneys and paralegals are duplicative.[8] However, upon closely reviewing petitioners' application, the undersigned observed that petitioners' counsel exercised discretion with regard to the amount of time billed and appropriately charged a paralegal rate for paralegal work.

Petitioners' counsel spent over five years working on the case, which involved fairly complicated medical issues. Although a hearing was scheduled, the parties were able to reach a settlement agreement prior to the hearing. Petitioners' billing record is comprehensive and contains detailed descriptions of the work performed and the amount of time spent on each task. Petitioners' attorney and paralegals were careful not to block bill their time, and they appropriately differentiated between attorney and paralegal work. The undersigned appreciates petitioners' diligence in carefully documenting the time spent on each task. Thus, she will not further police petitioners' application and finds the overall amount of attorney's fees, less the reduction for reasonable hourly rates, to be reasonable.

   **b. Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners' counsel requests $20,710.11 in attorneys' costs for expenses incurred by the firm. Pet'rs' Ex. 71 at 3. These costs include copy charges, postage, FedEx charges, payments for medical records, and expert fees for Dr. Marcel Kinsbourne and Dr. Lawrence Steinman. Id. at 1-3.

Petitioners did not provide an invoice for Dr. Kinsbourne's services, presumably because he was only paid a $2,000.00 retainer and did not perform any additional work on the case or file an expert report. The undersigned will compensate petitioner for Dr. Kinsbourne's retainer, as the amount is not unreasonable and petitioners did not expend additional resources to file an expert report from Dr. Kinsbourne. In the future, however, petitioners' counsel should make sure to file an invoice detailing the work performed, however minimal, from all experts, or the undersigned may decide not to pay those fees.

Petitioners additionally request $14,750.00 to compensate Dr. Steinman for 33.25 hours of work at $500.00 per hour. The undersigned notes that Dr. Steinman has previously been awarded hourly rates between $450.00 and $500.00. Brown v. Sec'y of Health & Human Servs.,

---

average inflation rate of 3.7 percent discussed in McCulloch. Accordingly, the undersigned has calculated Dr. Rodriguez's 2010-2013 rates by subtracting 3.7 percent from his 2013, 2012, 2011, and 2010 rates, respectively, and then rounding to the nearest dollar.

[7] See Pet'rs' Ex. 70 at 2, 3 (wherein Dr. Rodriguez billed .7 hours to place calls to Dr. Kinsbourne and schedule a conference call with him); see also id. at 8, 10 (Dr. Rodriguez and paralegals both billed time to review and pay invoices).

[8] See Pet'rs' Ex. 70 at 11, 15, 16-17 (wherein Dr. Rodriguez and his paralegal billed to review the same case orders).

09-426V, 2012 WL 952268 (Fed. Cl. Spec. Mstr. Feb. 29, 2012); Daniel v. Sec'y of Health & Human Servs., 10-745V, 2016 WL 7785955 (Fed. Cl. Spec. Mstr. Dec. 21, 2016). Petitioners submitted an invoice detailing the work Dr. Steinman performed and the amount of time he spent. Pet'rs' Ex. 72 at 35. The undersigned finds Dr. Steinman's work in this case reasonable and will compensate petitioners in full for his services.

Petitioners also request $1,730.50 in out-of-pocket costs, including payment of the filing fee, record collection expenses, FedEx charges, and $1,268.75 in reimbursement for the law firm that obtained the guardianship order for K.M. Pet'rs' Ex. 72 at 1, 5; Pet'rs' Ex. 73 at 1. Petitioners provided receipts for these costs as well as a time sheet from the law firm which details the amounts charged for the work performed. The undersigned finds these costs reasonable and will reimburse them in full.

## II. Conclusion

The undersigned finds the award of attorneys' fees and costs reasonable in the following amounts:

| | |
|---|---|
| **Attorneys' Fees**: | |
| Amount requested: | $46,671.50 |
| Hourly rate reductions: | ($1,098.50) |
| Amount paid: | $45,573.00 |
| | |
| **Costs**: | |
| Petitioners' costs: | $1,730.50 |
| Counsel's costs: | $20,360.21 |
| | |
| **Total** | |
| Award to petitioners: | $1,730.50 |
| Award to petitioners and counsel: | $ 65,933.21 |

Accordingly, the undersigned awards:

**$1,730.50 in the form of a check payable to petitioners, Mr. Kevin and Ms. Stacey Musto, representing reimbursement for petitioners' out-of-pocket costs; and**

**$65,933.21 in the form of a check payable jointly to petitioners, Mr. Kevin and Ms. Stacy Musto, and their counsel, Rawls, McNelis and Mitchell, P.C., representing reimbursement for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/ Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master
